IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON ROBB,

    Petitioner,

    v.                                 Case No. 2:02-cv-535
                                       JUDGE ALGENON L. MARBLEY
MARGARET BRADSHAW, Warden,        Magistrate Judge Norah McCann King

    Respondent.

**OPINION AND ORDER**

    Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon petitioner's motion for reconsideration (Doc. # 107) of this Court's February 26, 2008 *Opinion and Order*, filed under seal, finding that certain photocopied documents submitted by respondent under seal for *in camera* inspection constituted attorney work product not subject to disclosure in discovery. Also before the Court is respondent's memorandum in response (Doc. # 108).

    On September 16, 2004, this Court issued an *Opinion and Order* granting petitioner leave to conduct limited discovery on his claim that the prosecution withheld material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. (Doc. # 34.) This Court's original discovery order authorized petitioner to obtain all prior statements made by Anthony Lavelle and Robert Brookover in connection with the Lucasville riot investigation, as well as all statements provided by others in connection with the Lucasville riot investigation that did ***not*** implicate Petitioner Robb in the murders of prison guard Robert Vallandingham or of inmate David Sommers and, in connection with this discovery, to depose Sergeant Howard

Hudson of the Ohio State Highway Patrol for the limited purpose of determining the most effective and efficient means by which to obtain those statements.

Counsel for respondent secured the agreement of the principal attorney involved in the prosecution of offenses related to the Lucasville disturbance, and an official of the State Highway Patrol familiar with the location and storage of investigative reports and other documents generated by investigators during the course of the investigation of the Lucasville disturbance and the subsequently related criminal prosecutions, to make available for inspection by petitioner's counsel not only investigative files stored in Columbus, Ohio, warehouses, but also the files maintained by the trial prosecutors in petitioner's case, subject to an *in camera* review by this Court of documents believed by the prosecutors to constitute attorney work product not subject to disclosure. As a result, this Court conducted a status conference on May 17, 2007, for the purpose of establishing a scheduling order and any other procedures necessary to facilitate this inspection.

On June 15, 2007, consistent with this Court's *Discovery Scheduling Order*, respondent submitted to the Court for *in camera* inspection those materials believed by the prosecutors to constitute attorney work product not subject to disclosure (Doc. # 76). After determining that the documents submitted by respondent were such as to preclude the Court from determining with any confidence (taking into account both petitioner's right to the materials covered by this Court's original discovery order and the State's right to protect its attorney work product) which documents actually constituted attorney work product not subject to disclosure, this Court issued an order on July 6, 2007, directing respondent to furnish a privilege log and accompanying

affidavit, in accordance with Fed. R. Civ. P. 26(b)(5)(A).[1]  (Doc. # 79.)  Respondent filed that privilege log and accompanying affidavit on July 26, 2007.  (Doc. # 87.)

After reviewing the privilege log and documents submitted under seal for *in camera* review, this Court issued an *Opinion and Order*, under seal, on February 26, 2008, finding that the following pages constitute protected attorney work product not subject to disclosure: 2-3, 5-7, 8, 14-21, 22, 24-26, 37-39, 70-77, 78-86, 88-106, 107-117, 120-127, 129-165, 166-167, 168-211, 212-240, 242-324, 325-344, 325-344, 345-348, 350-353, 355-356, 357, 358-369, 370, 371, 372, 373-377, 378, 379-381, 382-383, 384-432, 433-437, 438-440, 442-446, 448-496, 500-505, 506-524, 525-526, 529-532, 533-545, 546-583, 584-611, 612-613, 614-617, 618, 619, 622-626, 627-628, 629, 630-692, 693-709, 710-714, 722-729, 730-731, 733-740, 742-765, 776-797, 798-821, 823, 824, 829-861, and 863-890.

Petitioner seeks reconsideration of the Court's February 26, 2008, *Opinion and Order*. Petitioner asks the Court to review certain pages to determine whether any of those pages in fact contain *Brady* material to which petitioner is entitled, to modify its February 26, 2008, *Opinion and Order* to allow for disclosure of any pages the Court identifies as containing *Brady* material to which petitioner is entitled, and to modify its February 26, 2008, *Opinion and Order* to direct respondent to provide certain pages for which respondent withdrew his original exemption claim.  (Doc. # 107, at 1-3.) Respondent does not oppose Petitioner's request.  (Doc. # 108, at 4.)

---

[1] Fed. R. Civ. P. 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Petitioner asks specifically that this Court review the following pages from the two volumes originally submitted by respondent under seal for *in camera* review to ascertain whether any of the pages that the Court identified as work product not subject to disclosure might nevertheless contain *Brady* material to which Petitioner is entitled: 70-77; 120-127; 357; 384-432; 506-524; 722-729; 742-765; 776-797; 798-821; 823; 824; 438-440; 355-356; and 433-437. Further, petitioner asks the Court to require production of pages 614-618 because, although respondent originally submitted those pages under seal for *in camera* review, respondent subsequently withdrew his exemption claim as to those pages.

For good cause shown and because respondent does not oppose petitioner's request to allow for the disclosure of any pages that "*may* constitute or refer to exculpatory or impeachment evidence not disclosed to the defense prior to [petitioner]'s trial," (Doc. # 108, at 4), petitioner's motion for reconsideration and modification of the Court's February 26, 2008 *Opinion and Order* is **GRANTED** in full. Respondent is **DIRECTED TO PROVIDE** to petitioner's counsel, under the terms and conditions of the Court's December 29, 2005 *Stipulation and Protective Order* (Doc. # 57), all of the pages identified above. This Court has reviewed all of the pages and finds, in an abundance of caution, that they may constitute or refer to exculpatory or impeachment evidence not disclosed to the defense prior to petitioner's trial.

Further, the parties are **DIRECTED TO FILE**, within forty-five (45) days of the date of this order, a joint report advising the Court as to the status of the discovery permitted by this Court and/or agreed to by respondent.

**IT IS SO ORDERED.**

                                                  s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **United States District Judge**