IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON ROBB,

    Petitioner,

v.

TODD ISHEE, Warden,

    Respondent.

Case No. 2:02-cv-535
JUDGE ALGENON L. MARBLEY
Magistrate Judge Norah McCann King

## OPINION AND ORDER

Petitioner Robb, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Plaintiff-Intervenor James Were's motion to amend the protective order (ECF No. 120), Respondent's memorandum in opposition (ECF No. 121), and Were's reply (ECF No. 122). Plaintiff-Intervenor's motion for a status conference (ECF No. 123) is **DENIED** as moot.

On December 29, 2005, this Court issued a *Stipulation and Protective Order* governing the protection and use of any confidential information obtained pursuant to the Court's discovery order. (ECF No. 57.) Specifically, the protective order sets forth its scope as:

> govern[ing] the use and protection of information and documents which are obtained by counsel for Petitioner pursuant to the Court's Discovery Order entered on September 16, 2004, and which contain the identities of Inmates who have cooperated with the State of Ohio in the investigation and prosecution of participants in the disturbance at the Southern Ohio Correctional Facility in Lucasville, Ohio that occurred on April 11, 1993 – April 21, 1993 (hereinafter, "Inmates"), whether contained in documents, deposition testimony, deposition exhibits, electronic data, videocassette recordings, audio recordings, or any other written, recorded or graphic matter produced by Respondent, together with any and all information contained therein.

(ECF No. 57, at ¶ 1.) The protective order permits the parties to use the confidential discovery material "only for the purposes of preparing for and conducting litigation proceedings in this

action, and only in the manner prescribed herein." (*Id.* at ¶ 2.) The protective order proceeds to establish with whom the parties may discuss confidential discovery material, as well as procedures for including any confidential discovery material in documents filed in the instant case. This protective order remains in full force and effect.

On February 13, 2008, this Court granted James Were leave to intervene in the instant habeas corpus action for the limited purpose of having access to the discovery and also added his lead counsel, Assistant Ohio Public Defender Randall Porter, to the protective order. (ECF No. 104.) Subsequently, on March 21, 2011, the Court added Were's second attorney, Dennis Sipe, to the protective order. (ECF No. 11.)

Were now seeks to modify the protective order in a manner that will allow him to file in his habeas corpus case and possibly in the state courts certain confidential documents that he has obtained during discovery, and to make arguments based on those documents, without violating the protective order. Were states that he has identified several documents that support the *Brady* claim that he has raised in his habeas corpus petition. Were proposes changes "to protect both the confidentiality of documents and the identities of the informants while at the same time permitting full litigation of the facts contained in the discovery material." (ECF No. 120, at 3.) Were first urges the Court to "order" that the same procedure for filing confidential documents that the existing protective order establishes be followed with respect to the filing of confidential discovery documents in Were's habeas corpus case, *Were v. Bobby*, S.D. Ohio Case No. 1:10-cv-698 and in any state court in which Were might file the documents in order to exhaust his state court remedies as to the previously undisclosed documents.[1] Were further asks the Court to

---

[1] Paragraph 6 of the Court's December 2, 2005 *Stipulation and Protective Order* provides in its entirety:

> If Discovery Material that has been designated as "Confidential" is to be included in any papers filed with this Court in this action, such papers shall be labeled "Confidential – Subject to Court Order," filed under seal and kept under seal until further Order of the Court. Any papers containing such Confidential

2

amend the existing protective order to permit Were to reference inmate-informants by a number as opposed to their names. Were states that whenever he files relevant documents under seal, he will also file a master list linking inmate numbers to inmate names. "This is the procedure," Were explains, "that counsel have employed in the lethal injection litigation to avoid publicly revealing the names of the execution team members." (ECF No. 120, at 4 (citing *Cooey v. Kasich*, S.D. Ohio Case No. 2:04-cv-1156).) Finally, Were asserts that he is amenable to any other safeguards as might be proposed, "so long as they do not interfere with his ability to fully litigate his claims." (ECF No. 120, at 4.)

Respondent opposes Were's motion. Respondent first appears to suggest that there is no need to modify the existing protective order because, "[a]s Were concedes, the protective order does not prohibit Were's counsel from discussing with the court presiding over his habeas proceedings documents subject to the protective order." (ECF No. 121, at 3.) Respondent proceeds to assert that "[t]his Court has no basis for determining whether the documents Were seeks to file support his claims of constitutional error, or whether such documents give rise to claims that warrant 'factual exhaustion' in the state courts." (*Id.*) Another reason advanced by Respondent for why modification of the protective order may be unnecessary or premature is that the court presiding over Were's habeas corpus case must make the threshold determination whether Were may even support his claims with new evidence. (*Id.* (citing *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388, 1401 (2011)).) Asserting that the propriety of the procedures for the

---

Discovery Material shall be filed only in a sealed envelope on which a statement substantially in the following form shall appear in writing:

CONFIDENTIAL

This envelope contains document that are subject to an Order entered by the Court in this action governing the use of Confidential Material.

(ECF No. 57, at 3-4.)

3

filing of privileged documents in Were's habeas corpus case should be determined by the judicial officer presiding over that case, Respondent argues that Were should direct his motion to that judicial officer.

In his reply, Were emphasizes that his counsel have determined that parts of the protective order are unclear. Specifically, Were asserts that it is unclear not only which inmates' identities fall within the scope of the protective order but also whether the protective order applies to guard just the source of confidential information or the source of confidential information and the confidential information itself. Were also appears to suggest that an exception from the protective order's confidentiality provision could be interpreted as allowing Were to file discovery documents without any redaction and not under seal. (ECF No. 122, at 2-3.) With respect to Respondent's arguments in opposition, Were asserts that most of Respondent's arguments were not responsive to Were's motion. Were agreed with Respondent's argument that this Court has no basis for determining whether the documents at issue are exculpatory, but asserts that that fact "in no way relates to the purpose or relief requested in Mr. Were's motion." (*Id.* at 3.) Were also asserts that Respondent's discussion of what effect *Pinholster* may have on Were's ability to support his claims with new evidence is likewise "not responsive to Mr. Were's motion." (*Id.*) Finally, with respect to Respondent's assertion that the protective order does not prohibit Were's counsel from discussing with the court presiding over his habeas corpus case any documents subject to the protective order, Were agrees–but states that "it begs the sole issue that Mr. Were raised in his motion, the manner in which he can present the documents to other courts for their consideration." (*Id.* at 4.)

Were seems to be asking for clarification as much as modification. The Court is inclined to grant Were's motion, but with important qualifications. First, in clarifying and modifying its *Stipulation and Protective Order*, this Court expresses no opinion as to the relevance, admissibility, or terms of admissibility of such evidence in any other litigation. Second, nothing in this Court's *Stipulation and Protective Order*, or the instant order clarifying and modifying the

4

protective order, can or should be construed as binding any judicial officer presiding over any other litigation. Were's death penalty habeas corpus case, *Were v. Bobby*, S.D. Ohio Case No. 1:10-cv-698, is assigned to the Honorable Michael H. Watson; this Court expressly leaves to Judge Watson control of his case. Because this Court cannot mandate how Judge Watson presides over his case, the parties are free (and perhaps encouraged) to request Judge Watson to fashion and issue a protective order in his case. The same applies to any litigation that Were might pursue in the state courts. With these qualifications in mind, the Court turns to Were's motion.

First, the Court hastens to remind all parties to the existing protective order that they should, when uncertain, adhere to the definitions, restrictions, and procedures set forth in the protective order on any occasion that they discuss information covered by the protective order. It is preferable to follow the restrictions and procedures where it was not required, rather than not follow the restrictions and procedure where it was required.

Second, to the extent that Were expresses uncertainty about the scope of the existing protective order, the Court makes the following clarifications. The existing protective order governs the use and protection of: (1) any information or documents, (2) obtained pursuant to this Court's September 16, 2004 discovery order, (3) that contain the identities of inmates who have cooperated with the State of Ohio in the investigation and prosecution of participants in the Lucasville riot. Thus, the existing protective order clearly applies to the information and materials in which the information appears, as well as to an inmate's identity.

Third, with respect to Were's desire to use confidential discovery materials in his habeas corpus action and possibly in a state court action, and uncertainty about whether the existing protective order permits that, the Court notes that Paragraph 4(d) allows Petitioner's counsel to share confidential discovery material with "[a]ny court." That said, the Court will modify paragraph two of the existing protective order, which restricts use of confidential discovery material to "this action," by adding "or any other action."

5

Finally, the Court adopts the method that Were proposes for referencing an inmate by number rather than name and submitting with each filing making such reference a "master list" linking inmates' numbers to inmates' names.

Were's motion to amend the protective order (ECF No. 120) is **GRANTED** to the extent set forth above. Were's motion for a status conference to consider his motion to amend the protective order (ECF No. 123) is **DENIED** as moot.

_____
ALGENON L. MARBLEY
United States District Judge

Date: Aug. 19, 2011