IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON ROBB,

    Petitioner,

v.                                      Case No. 2:02-cv-535
                                        JUDGE ALGENON L. MARBLEY
TODD ISHEE, Warden,                  Magistrate Judge Kimberly A. Jolson

    Respondent.

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court for consideration of Keith LaMar's Motion to Intervene for the Limited Purposes of Modifying the Protective Order and Accessing Discovery (ECF No. 191), Respondent's Memorandum in Opposition (ECF No. 197), and Lamar's Reply (ECF No. 203).

I. Procedural History

On September 16, 2004, this Court issued an *Opinion and Order* granting Petitioner leave to conduct limited discovery on his claim that the prosecution withheld material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. (ECF No. 34.) This Court's original discovery order authorized Petitioner to obtain all prior statements made by Anthony Lavelle and Robert Brookover in connection with the Lucasville riot investigation, as well as all statements provided by others in connection with the Lucasville riot investigation that did ***not*** implicate Petitioner Robb in the murders of prison guard Robert Vallandingham or of

1

inmate David Sommers.

On December 29, 2005, this Court signed a Stipulation and Protective Order submitted by the parties governing the use and protection of information or documents obtained by counsel for Petitioner pursuant to the Court's September 16, 2004 discovery order. (ECF No. 57.) In relevant part, the order substantially limits disclosure of the identities of inmates who cooperated with the State of Ohio in the investigation and prosecution of participants in the Lucasville riot that occurred between April 11, 1993 and April 21, 1993. (*Id*., at 2-3.) That protective order remains in full force and effect.

In an effort to ensure compliance with this Court's September 16, 2004 discovery order, counsel for Respondent in 2007 arranged to make available for inspection by Petitioner's counsel not only investigative files stored in one or more Columbus, Ohio warehouses, but also the files maintained by the trial prosecutors in Petitioner's case, subject to an *in camera* review by this Court of documents believed by the prosecutors to constitute attorney work product not subject to disclosure. (ECF No. 70.)

On August 16, 2007, James Were filed a motion to intervene in this habeas corpus action for the limited purposes of modifying the protective order and conducting discovery (ECF No. 94). The Court granted that motion on February 13, 2008, thereby allowing the attorney pursuing state court remedies for Were, Randall Porter, access to Robb's discovery. (ECF No. 104). The Court twice modified the protective order, first to allow Mr. Porter's co-counsel in Were's habeas corpus case, Dennis Sipe, access to Robb's discovery (ECF No. 119), and then to extend the protective order to Were's habeas corpus proceedings, docketed under Case No. 1:10-cv-698 (ECF No. 126). On December 19, 2011, the Honorable Susan Dlott entered an order in

*Hasan v. Ishee*, Case No. 1:03-cv-288, ECF No. 142, consolidating Hasan's case with the instant case for the limited purposes of conducting discovery.

On February 24, 2012, the Court issued an Opinion and Order allowing Petitioner Robb to conduct additional discovery and establishing a deadline for the completion of discovery. (ECF No. 135.) On March 15, 2012, the Court convened a status conference at which attorneys for Robb, Were, Hasan, and Respondent were present in an effort to determine how best to provide all counsel access to discovery materials, which consisted of tens of thousands of pages of documents in possession of the Ohio State Highway Patrol and/or the Office of the Ohio Attorney General. (ECF No. 144.)[1] Following that status conference, the Court issued an Opinion and Order modifying the protective order to include Hasan's counsel, and delineating the procedures for pursuing substantive discovery requests, as well as requests involving the facilitation or furnishing of discovery. (ECF No. 140.) Several months later, on July 30, 2012, Petitioner filed a Notice of Completion of Discovery, but also requested that discovery be kept open while the attorneys for Were and Hasan were still in the process of reviewing materials. (ECF No. 146.)[2]

Prompted by Petitioner's February 22, 1016 motion (ECF No. 171), this Court on March 1, 2016 issued a Scheduling Order, noting that "[f]ollowing a prolonged period of notably cooperative discovery, as well as several amendments to the Petition, this case is ripe to proceed

---

[1] The conference took place on March 26, 2012; the transcript (ECF No. 144) was docketed on June 18, 2012.

[2] The Petition in this case next underwent a series of amendments, several times to add and/or amend claims raising method-of-execution challenges (ECF Nos. 147, 161). Recently, Petitioner sought to amend his Petition to add claims alleging that the recent decision of *Hurst v. Florida*, 136 S.Ct. 616 (2016), invalidates Ohio's capital sentencing scheme and Petitioner's own

forward." (ECF No. 172, at PageID 2142.) Briefing is ongoing, mostly recently with Respondent's filing of an Amended Return of Writ (ECF No. 205), to which Petitioner is scheduled to respond in June.

II. Law Governing Permissive Intervention

LaMar requests permissive intervention in the instant habeas corpus proceeding pursuant to Fed. R. Civ. P. 24(b). That rule provides in relevant part that, "On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." (Fed. R. Civ. P. 24(b)). Thus, in exercising its discretion whether to allow LaMar to intervene in this death penalty habeas corpus action, this Court must consider at a minimum: (1) whether LaMar's motion is timely; (2) whether LaMar possesses a claim that shares with this habeas action a common question of law or fact; and (3) whether LaMar's intervention will unduly delay or otherwise prejudice the adjudication of the original parties' rights. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997) ("So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion.") In the Sixth Circuit, courts are to construe Rule 24(b) broadly to favor potential intervenors. *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999), *rev'd on other grounds*, 539 U.S. 244 (2003); *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

---

death sentence. (ECF No. 190.) Both matters are under advisement.

III. The Parties' Arguments

LaMar states that he seeks permissive intervention in order to modify the protective order so as to allow counsel for Petitioner and/or Were to share with counsel for LaMar information that those counsel have obtained during discovery in these proceedings. (ECF No. 191, at PageID 14852-14854.) LaMar asserts that he satisfies the criteria for permissive intervention set forth in Fed. R. Civ. P. 24(b). (*Id*. at PageID 14854-14856.) LaMar asserts that nonparties routinely access protected documents through permissive intervention and that the presumptive right of access to discovery is especially critical where, as here, "the issue is one of great public importance." (*Id*. at PageID 14854 (citations omitted).)

"To be granted permissive intervenor status," LaMar argues, "an individual normally must show: (1) an independent basis for jurisdiction; (2) a common question of law or fact; and (3) timeliness." (*Id*. at PageID 14855 (citing *E.E.O.C. v. Nationwide Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.D.C. 1998)).) Regarding the jurisdiction prong, LaMar argues that because he does not seek to invoke this Court's jurisdiction over a substantive claim, he need not show the existence of an independent basis of jurisdiction. (ECF No. 191, at PageID 14856 (citing *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015)).) With respect to the common question requirement, LaMar asserts that because he is seeking to intervene for the limited purpose of gaining access to protected materials, there is no reason to require a strong nexus of fact or law. (ECF No. 191, at PageID 14856 (citations omitted).) Even so, LaMar—who does not have a legal action pending in any court—asserts that his conviction and death sentences arise out of common facts illustrating misconduct surrounding the Lucasville riot prosecutions. (*Id*. at PageID 14857-14859.) LaMar argues that at the very least, he deserves access to these

5

materials in preparation for clemency proceedings. Finally, as to the timeliness factor, LaMar emphasizes that this inquiry should be resolved in the context of prejudice to the parties to the main action. LaMar insists that the parties will not be prejudiced, insofar as they will not be forced to repeat discovery already completed but will only be asked to reproduce copies of documents in their possession, because LaMar is not seeking influence the adjudication of Petitioner Robb's claims or assert any substantive claims of his own, because no delay will ensue, and because the legitimate secrecy interests that gave rise to the protective order will not be jeopardized. (ECF No. 191, at PageID 14859.)

Respondent opposed LaMar's motion. (ECF No. 197.) According to Respondent, LaMar's request is "manifestly untimely" because he has known for at least nine years, since Were was permitted to intervene, of his alleged interest in this discovery and the availability of intervention for gaining access to that discovery. (*Id*. at PageID 15105.) Respondent's next argument against intervention is that at this late juncture, LaMar has no legitimate purpose for intervention. Respondent insists that he is not entitled to find new evidence to support *Brady* claims already adjudicated or to support new *Brady* claims. Respondent also asserts that LaMar cites no authority for the proposition that there exists a right to discovery to support a clemency request. Finally, Respondent insists that intervention will prejudice the Warden. Respondent reasons that because LaMar has no action or claims pending before the courts, there is no basis for this Court to determine whether any particular document he seeks is relevant and no method for this Court to ensure LaMar's counsel's compliance with the protective order in this case.

LaMar addresses each of these arguments in his Reply. (ECF No. 203.) First, LaMar disputes the argument that the timeliness factor should be determined by the length of time he

6

knew or should have known about his interest in the discovery, insisting that when intervention is sought for the limited purpose of participating in discovery, timeliness is determined by whether intervention will cause undue prejudice or delay. (*Id*. at PageID 15248.) LaMar reminds that he does not seek adjudication of his own claim which could impose an additional burden upon the parties and the Court, and that granting his motion will not compromise the secrecy interests advanced by the protective order, in view of the fact that his counsel proactively consented to being bound by the terms of the protective order as they currently apply to the parties. LaMar also dismisses Respondent's reliance on the absence of any basis for determining the relevancy of any materials he may seek, noting that this Court allowed Were to intervene even though he did not at the time have any pending substantive claims. LaMar likewise disputes the suggestion that his counsel will present protected materials in public clemency proceedings, insisting that counsel recognize that doing so would directly violate this Court's protective order that LaMar's counsel, as officers of the court, are duty-bound to obey. (ECF No. 203, at PageID 15250.)

LaMar next sets forth why, despite not having a pending action before any court, he shares common questions of fact and law sufficient to constitute a legitimate purpose for intervention. (*Id*. at PageID 15251.) Specifically, LaMar notes that Respondent does not dispute the commonalities between LaMar, Robb, and Were; does not dispute that prosecutors will use the OSHP database to oppose LaMar's clemency request; does not dispute that LaMar additionally has an interest in the discovery as a member of the general public or that there is a presumptive right to access when a matter of great public importance is involved; or that cases including the Court in this case have determined that there is no requirement for a stringent

7

showing of commonality under these circumstances. LaMar insists that he does not have to possess a claim over which a court is presiding in order to intervene in this case for the purpose of accessing discovery. (*Id*.) He likewise asserts that he need not demonstrate that *he* is entitled to discovery in support of any clemency request, since Petitioner Robb has already satisfied the criteria for habeas corpus discovery to which LaMar seeks access. (*Id*. at PageID 15252, n. 3.)

Petitioner Robb takes no position on LaMar's motion to intervene. (ECF No. 199.)

IV. Analysis

In considering whether permissive intervention is warranted, the Court must first determine whether this application to intervene is timely. Determining timeliness involves the consideration of the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). "No one factor is dispositive," the Sixth Circuit has explained, "but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.' " *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000)).

As set forth above, LaMar places the most emphasis on the prejudice component, insisting that because his access-to-discovery-based intervention will not prejudice the parties,

8

the length of time between this application and when he knew or should have known about his interest in accessing this discovery is immaterial.  Respondent, by contrast, stresses LaMar's nine-year delay and further insists that the State will be prejudiced by LaMar's intervention.

Balancing the factors set forth above and considering the limited nature of LaMar's request, the Court is satisfied that the timeliness factor is not fatal to LaMar's request.  As a preliminary matter, the Court agrees with Respondent that LaMar knew or should have known since at least February of 2008, when this Court allowed Were to intervene, that LaMar had an interest in this discovery and an avenue for accessing it.  At that time, LaMar's own habeas corpus proceedings were still pending before the Honorable Thomas Rose (Case No. 1:04-cv-541), and arguably could have provided a forum for Petitioner to utilize any discovery he had obtained through intervention in this case.  This factor, if viewed in a vaccum, would disfavor LaMar's request to intervene.

The point to which this action has progressed also might, if considered in a vacuum, militate against LaMar's request.  Although Robb's action is in its infancy—due to prolonged discovery, a series of amendments, the re-filing of the record in digitized format, and the updating of relevant pleadings—the discovery to which LaMar seeks access appears to have been completed for the time being (ECF No. 172).  LaMar readily acknowledges that fact (ECF No. 191, at PageID 14860).

But LaMar is not requesting, and the Court will not entertain or authorize, any substantive discovery of his own.  LaMar is merely seeking access to the discovery already provided to counsel for Petitioner and Were—access this Court would be in no position to deny or address at all were it not for the protective order that is in place.  The limited purpose for

9

which LaMar seeks intervention diminishes the length of time LaMar waited to seek permissive intervention or the point to which this action has progressed. No undue delay or prejudice to the existing parties is evident because although they have completed discovery and are moving forward with other phases of their respective cases, LaMar insists that they will not be asked to repeat any discovery. (ECF No. 191, at PageID 14860.) It is this point that sways the Court to grant LaMar's request and that bears emphasis.

In an ordinary habeas case without a protective order in place, counsel for Petitioner Robb, Intervenor Were, and Hasan would be free to share with LaMar's counsel any discovery *they wished* for whatever purpose LaMar wanted, without the need for any action by this Court. But the protective order in this case prevents them from sharing the information LaMar's counsel seek without permission by this Court, *i.e.*, modification of the protective order to include counsel for LaMar. LaMar is not requesting, and this Court would not entertain or authorize, any substantive discovery of his own. LaMar is not requesting, and this Court would not order, counsel for Respondent to assist in facilitating or furnishing any discovery. As noted above, discovery in this case—Robb's case—has been completed for the time-being, and the parties are moving ahead in this litigation. They should be free to devote their time, energy, and resources to that endeavor, and not have their efforts divided between that task and re-engaging in what was clearly a cumbersome and time-consuming discovery process. That is especially so in view of the fact that Respondent's efforts in facilitating discovery in this case were voluntary, and given the vast universe of materials to which LaMar's counsel seek access (ECF No. 191, at PageID 14860-14861). All of this minimizes the possibility that intervention will prejudice the existing parties or cause any undue delay.

In short, the Court will modify the protective order to include counsel for LaMar. But that is the extent of any action this Court will take. Counsel for Robb, and/or Were, and/or Hasan will be free to share protected information learned during discovery, but only if and as they want to. The Court will not entertain or authorize any request by LaMar's counsel for any discovery above and beyond whatever counsel for Robb, and/or Were, and/or Hasan choose to share with LaMar's counsel. Nor will the Court order counsel for Respondent to do anything in the way of furnishing or facilitating any discovery. Counsel for Respondent may agree, but are not required, to assist LaMar's counsel in accessing discovery.

In view of the foregoing, Respondent's emphasis on the nine years that LaMar waited is misplaced. The relief that LaMar requests is limited and imposes little burden to the existing parties.

Respondent's argument that the State's interest in protecting secrecy will be prejudiced by allowing LaMar to intervene likewise misses the mark. Where, as here, permissive intervention is sought for purposes of modifying a protective order and gaining access to protected materials, the Court must determine, in assessing whether intervention will prejudice the rights of the original parties, whether access to the protected material can be granted without harm to legitimate secrecy interests. *Meyer Goldberg*, 823 F.2d at 163 (citation omitted). "If so, 'access should be granted even if the need for the protected materials is minimal.' " *Kerasotes*, 139 F.R.D. at 106 (quoting *Meyer Goldberg*, 823 F.2d at 163). Although the secrecy interest typically served by orders protecting discovery material is efficiency and expediency in the discovery process, *see Kerasotes*, 139 F.R.D. at 104-06 (discussing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427-28 (10th Cir. 1990)), the secrecy interest served by the

agreed-upon protective order in this case, to put it bluntly, is to protect inmate-witnesses who cooperated with or provided information to law enforcement officials investigating the Lucasville riot from possible reprisal by those who were tried and convicted for the most serious offenses stemming from that riot. LaMar does not question the legitimacy of that secrecy interest (ECF No. 191, at PageID 14855), and has proactively, if not steadfastly, pledged to be bound by the terms of the Court's protective order (ECF No. 203, at PageID 15249-15250). The Court is satisfied that the State's legitimate secrecy interest can be protected by subjecting LaMar's counsel to the same conditions and restrictions to which counsel for Petitioner, Were, and Hasan are subject under the current protective order. *See Kerasotes*, 139 F.R.D. at 106 (holding that Defendants' interest in secrecy would be preserved where intervenor had access to the protected materials only subject to the continuing provisions of the original protective order). The Court takes LaMar's counsel at their word and as officers of the Court that they will at all times going forward strictly abide by the terms of the protective order (ECF No. 203, at PageID 15250).

It bears noting that cases relied upon by LaMar that urge leniency in allowing discovery-based permissive intervention due to a presumptive right to access have less force when it is a habeas corpus action into which permissive intervention is sought. Both the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases make clear that the Federal Rules of Civil Procedure apply to habeas corpus proceedings only to the extent that the civil rules are not inconsistent with rules governing habeas corpus proceedings.[3] And Rule 6 of the Rules

---

[3] Rule 81(a)(4)(A) of the Federal Rules of Civil Procedure provides: These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases.

Governing Section 2254 Cases provides that a habeas corpus litigant, unlike litigants in ordinary civil proceedings, is not entitled to discovery as a matter of course. Rather, a habeas corpus petitioner is entitled to discovery only upon a showing of good cause, which exists only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'." (Doc. # 101, at 7, quoting *Bracy v. Gramley*, 520 U.S. 899, 909 (1997)). This fact is not detrimental to LaMar's request because LaMar seeks to join this action not so he can ask for discovery of his own, but rather, so he can have access to the discovery for which Petitioner Robb has already established good cause. The Court has already noted that in the absence of a claim or habeas action, this Court will not entertain or authorize any substantive request by Lamar for discovery of his own. Thus, any inconsistency between the leniency in allowing discovery-based permissive intervention contemplated by the Federal Rules of Civil Procedure and the restrictions on conducting discovery imposed by the habeas corpus rules is of minimal importance here.

Having concluded that Respondent's secrecy interest can be adequately protected, the Court further concludes that LaMar's *need* for the protected material is at least minimal. At the very least, the discovery made available to Petitioner Robb, Intervenor Were, and Hasan in this case could lead to useful evidence to support any eventual pursuit of clemency LaMar might initiate. The Court expresses no opinion as to any other proceedings or uses to which LaMar might seek to put this evidence, save for reminding counsel yet again that they must at all times adhere to the terms of the Court's protective order. But as for LaMar's intent to seek clemency, his need for such information is arguably more than minimal, given the reality that condemned

---

Similarly, Rule 11 of the Rules Governing Section 2254 Cases provides: The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to

inmates bear a substantial burden of proof, production, and persuasion when they seek mercy in the form of clemency from the reach of a state criminal judgment they were unable to convince any state or federal court to set aside.

Another argument Respondent makes is that LaMar will not be able to demonstrate that he was diligent in gaining access to this discovery should he seek to pursue a second or successive habeas corpus action or some other form of relief. But that argument has little relevance to what LaMar is asking this Court to do—*i.e.*, modify the protective order so that counsel for the parties can share protected information with LaMar's counsel. It is for whatever court or courts LaMar may petition for redress to determine whether he has been diligent. This Court expresses no opinion on that point, and nothing from this decision should be construed as a finding one way or the other on that matter.

The final factor to be considered in determining whether LaMar's motion to intervene is timely is whether there are any unusual circumstances militating for or against intervention. In this regard, the Court would be remiss if it did not note the unusual circumstances presented by LaMar's attempt to intervene in a habeas corpus proceeding—a proceeding that is, by its very definition and nature, uniquely personal to the habeas applicant seeking to overturn a state criminal judgment on the basis of constitutional errors that occurred in connection with his trial. That factor did not militate against allowing Were to intervene, given the limited purposes for which Were sought to intervene and the fact that Were was only seeking information to assist him in litigating his own constitutional claims.

It is unusual, too, that LaMar has no claims or actions pending before this or any Court. But, as noted above, that fact would not prevent the parties from sharing the discovery they

a proceeding under these rules.                14

obtained in these proceedings with LaMar, were it not for the protective order in place. Once the Court modifies that protective order to include LaMar's counsel, the only limitation to LaMar's access to discovery is the willingness and/or ability of the parties' counsel to share it. For the foregoing reasons, the Court is satisfied that LaMar's application is timely.

Beyond timeliness, this Court must consider whether LaMar possesses a claim that shares with this habeas action a common question of law or fact, and whether LaMar's intervention will unduly delay or otherwise prejudice the adjudication of the original parties' rights. The Court has already answered the latter question in the negative. As to the commonality factor, the Sixth Circuit has held, and this Court has noted, that an applicant seeking to intervene for the limited purposes of modifying a protective order or conducting discovery need not make a stringent showing of commonality between his claim(s) and the action into which he seeks to intervene, *Meyer Goldberg*, 823 F.2d at 164 (observing that there is no requirement of a stringent showing of a strong nexus of common fact or law where movant sought intervention for purposes of discovery to pursue a related claim concerning alleged misconduct in which the public had a strong interest). It is sufficient that LaMar—like Robb, Were, and Hasan—was convicted and sentenced to death for crimes stemming from the Lucasville riot, and that LaMar—like Robb, Were, and Hasan—is alleging that the Lucasville Special Prosecutors denied him a fair trial by failing to disclose exculpatory evidence and may rely on evidence tending to substantiate that allegation in seeking clemency or some other proceeding. Again, however, this Court expresses no opinion on any proceedings that LaMar may seek to pursue, and nothing from this decision should be construed as a finding one way or the other on that matter.

In sum, the Court is satisfied that LaMar has met the criteria for permissive intervention.

His application is not untimely, primarily in view of the limited purpose for which he seeks, and this Court grants, intervention. The Court further finds that LaMar sufficiently shares with the existing parties common questions of law and fact, and that LaMar's intervention will not unduly delay or otherwise prejudice the adjudication of the existing parties' rights.

V. Conclusion

For the foregoing reasons, LaMar's Motion to Intervene (ECF No. 191) is **GRANTED**, subject to strict compliance with and adherence to every provision set forth in the Stipulation and Protective Order f 12/29/2005 (ECF No. 57), as well as to the other limitations set forth above. The Stipulation and Protective Order of 12/29/2005 (ECF No. 57) is **HEREBY MODIFIED** to add counsel for Keith LaMar—Stephen M. Kissinger and Dana C. Hansen Chavis—in the same capacity as counsel for Petitioner Jason Robb, Intervenor James Were, and Hasan.

**IT IS SO ORDERED.**

                                                               s/Algenon L. Marbley
                                                               **ALGENON L. MARBLEY**
                                                               **United States District Judge**

**Date: July 26, 2017**