**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JASON ROBB, | : | Case No. 2:02-cv-535 |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge S. Courter M. Shimeall |
| WARDEN BRYANT PALMER, | : | |
| Respondent. | : | |

## OPINION AND ORDER

Petitioner Jason Robb, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of Intervenor Keith LaMar's Motion for Discovery Access to Confidential Discovery. (ECF No. 260).

## I. PROCEDURAL HISTORY

On September 16, 2004, this Court issued an *Opinion and Order* granting Petitioner Robb leave to conduct limited discovery on his claim that the prosecution withheld material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. (ECF No. 34). This Court's original discovery order authorized Petitioner to obtain all prior statements made by Anthony Lavelle and Robert Brookover in connection with the Lucasville riot investigation, as well as all statements provided by others in connection with the Lucasville riot investigation that did *not* implicate Petitioner in the murders of prison guard Robert Vallandingham or of inmate David Sommers.

On December 29, 2005, this Court signed a Stipulation and Protective Order submitted by the parties governing the use and protection of information or documents obtained by counsel for Petitioner pursuant to the Court's September 16, 2004, discovery order. (ECF No. 57). In relevant part, the order substantially limits disclosure of the identities of inmates who cooperated with the State of Ohio in the investigation and prosecution of participants in the Lucasville riot that occurred between April 11, 1993, and April 21, 1993. (*Id.* at PageID 459-60). That protective order remains in full force and effect.

In an effort to ensure compliance with this Court's September 16, 2004, discovery order, counsel for Respondent in 2007 arranged to make available for inspection by Petitioner's counsel not only investigative files stored in one or more Columbus, Ohio warehouses, but also the files maintained by the trial prosecutors in Petitioner's case, subject to an *in camera* review by this Court of documents believed by the prosecutors to constitute attorney work product not subject to disclosure. (ECF No. 70).

On August 16, 2007, James Were (n.k.a. Namir Abdul "Mateen") filed a motion to intervene in this habeas corpus action for the limited purposes of modifying the protective order and conducting discovery. (ECF No. 94). The Court granted that motion on February 13, 2008, thereby allowing the attorney who was pursuing state court remedies for Mateen, Randall Porter, access to Robb's discovery. (ECF No. 104). The Court twice modified the protective order, first to allow Mr. Porter's co-counsel in Mateen's habeas corpus case, Dennis Sipe, access to Robb's discovery (ECF No. 119), and then to extend the protective order to Mateen's habeas corpus proceedings, docketed under Case No. 1:10-cv-698 (ECF No. 126 (adopting *inter alia* Mateen's proposed numbering system for anonymizing inmates who may have cooperated with law enforcement but did not testify, and thus need their identities kept confidential from other

2

inmates)). On December 19, 2011, the Honorable Susan Dlott entered an order in *Hasan v. Ishee*, Case No. 1:03-cv-288, ECF No. 142, consolidating Hasan's case with this case for the limited purposes of conducting discovery.

On February 24, 2012, the Court issued an *Opinion and Order* allowing Petitioner Robb to conduct additional discovery and establishing a deadline for the completion of discovery. (ECF No. 135). On March 15, 2012, the Court convened a status conference at which attorneys for Petitioner Robb, Mateen, Hasan, and Respondent were present in an effort to determine how best to provide all counsel access to discovery materials, which consisted of tens of thousands of pages of documents in possession of the Ohio State Highway Patrol and/or the Office of the Ohio Attorney General. (ECF No. 144).[1] Following that status conference, the Court issued an *Opinion and Order* modifying the protective order to include Hasan's counsel, and delineating the procedures for pursuing substantive discovery requests, as well as requests involving the facilitation or furnishing of discovery. (ECF No. 140). Several months later, on July 30, 2012, Petitioner filed a Notice of Completion of Discovery but also requested that discovery be kept open while the attorneys for Mateen and Hasan were still reviewing materials. (ECF No. 146).[2]

On June 26, 2017, this Court issued an *Opinion and Order* granting Intervenor LaMar leave to intervene for the limited purpose of accessing discovery and modifying the protective order to

---

[1] The conference took place on March 15, 2012; the transcript (ECF No. 144) was docketed on June 18, 2012.

[2] The Petition in this case next underwent a series of amendments, several times to add and/or amend claims and raising method-of-execution challenges (ECF Nos. 147, 161). Petitioner also sought to amend his Petition to add claims alleging that the recent decision of *Hurst v. Florida*, 577 U.S. 92 (2016), invalidates Ohio's capital sentencing scheme and Petitioner's own death sentence (ECF No. 190), which this Court denied (ECF No. 213).

add LaMar's counsel.[3] (ECF No. 211).  The Court did so with the caveat that it would allow—but not compel—counsel for the existing parties to share discovery with LaMar's counsel (*id.* at PageID 15550) and did so despite LaMar not having any action pending in any court (*id.* at PageID 15552-54).

On June 27, 2018, this Court issued an *Opinion and Order* granting inmate Derek Cannon leave to intervene for the limited purpose of accessing discovery and modifying the protective order to add Cannon's counsel.  (ECF No. 223).  As with granting LaMar's request, the Court modified the protective order to include Cannon's counsel but clarified that there would be no further action to compel discovery.  (*Id.* at PageID 15751).  This Court noted that counsel included in the protective order "will be free to share protected information learned during discovery, but only if and as they want to."  (*Id.*).

Prompted by Petitioner's February 22, 2016, motion (ECF No. 171), this Court on March 1, 2016, issued a Scheduling Order, noting that "[f]ollowing a prolonged period of notably cooperative discovery, as well as several amendments to the Petition, this case is ripe to proceed forward."  (ECF No. 172 at PageID 2142).  Briefing is now complete with the submission of Petitioner's Third Amended Petition (ECF No. 192), Respondent's Amended Return of Writ (ECF No. 205), and Petitioner's Reply to that response (ECF No. 210).[4]

## II. DISCUSSION

Now Intervenor LaMar seeks modification of the protective order to allow counsel for Petitioner Robb and/or Intervenors Mateen, Hasan, Cannon, and/or LaMar's current counsel to

---

[3] This Order encompassed LaMar's counsel Stephen M. Kissinger and Dana C. Hansen Chavis.  (ECF No. 211, PageID 15555).

[4] Petitioner has also filed for this Court's consideration a "Supplemental Memorandum Opposing Procedural Default and Giving Notice of Additional Authority" (ECF No. 240), which Respondent counters in response (ECF No. 244).

share with LaMar's newest counsel information obtained during discovery in these proceedings. Although LaMar's previous Motion to Intervene (ECF No. 191) was granted (ECF No. 211), LaMar's newest attorneys want to ensure they are covered by the protective order before accessing the confidential discovery. (ECF No. 260, PageID 15946).[5]

LaMar's request appears to seek modification of the protective order only to the extent to permit his new counsel access to the completed discovery and to permit counsel for the other parties involved to share that discovery. As required, LaMar's counsel acknowledge their understanding of the protective order and the limitations on accessing and sharing the confidential discovery material, including the prohibitions on disclosing such material. (*Id.* at PageID 15949 (Attorney Andrew S. Pollis); PageID 15950 (Attorney Keegan Stephen); PageID 15951 (Attorney Ayesha Bell Hardaway); ECF No. 261-1, PageID 15955 (Attorney Elizabeth Bonham)).

The parties did not submit any response or opposition to LaMar's request.

Given the limited purpose for modifying the protected order, despite active discovery being complete, the Court **GRANTS** LaMar's request to modify the protective order to include his four new counsel (ECF No. 260). The Court **CAUTIONS** counsel this grant is only to the extent of the previous Order granting LaMar's motion to intervene and to modify the protective order. (*See* ECF No. 211). In other words, the Court is modifying the protective order to allow—but not compel—counsel to share confidential discovery with LaMar's newest counsel. (*Id.* at PageID 15554 ("[T]he only limitation to LaMar's access to discovery is the willingness and/or ability of the parties' counsel to share it.")).

---

[5] The Court reminds counsel to adhere to this District's local rules in filing documents with the Court, including the rules on signing on behalf of another attorney and adding a "Trial Attorney" designation to the signature line. *See* S.D. Ohio Local Rule 83.5.

## III. CONCLUSION

Accordingly, LaMar's motion to modify the protective order (ECF No. 260) is **GRANTED**, subject to strict compliance with and adherence to every provision set forth in the December 29, 2005, Stipulation and Protective Order (ECF No. 57), as well as to the other limitations set forth above.  The December 29, 2005, Stipulation and Protective Order (ECF No. 57) is **HEREBY MODIFIED** to add counsel for Keith LaMar—Ayesha Hardaway and Andrew Pollis of the Kramer Law Clinic, Elizabeth Bonham of FG+G, and Keegan Stephen of Bedlock Levine & Hoffman LLP—in the same capacity as counsel for Petitioner Jason Robb, Intervenors Mateen, Hasan, Cannon, and LaMar's other counsel.

**IT IS SO ORDERED.**

Date: **May 11, 2026**

Algenon L. Marbley
United States District Judge

6